# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

August 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY R. DILLON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0425** (BOR Appeal No. 2047693)
(Claim No. 830018801)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RHYAN BETH COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry R. Dillon, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2013, in which the Board affirmed a September 17, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 14, 2011, decision denying Mr. Dillion's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Dillon worked for thirty years as an underground coal miner. On October 11, 1982, he sustained an injury to his lower back and left knee which the claims administrator held compensable. Following this injury, he ceased working in the coal mining industry and became a self-employed contractor for twelve years. Mr. Dillon then filed an application for permanent total disability benefits. His claim was submitted to Bobbi Jo Chapman, OTR/L, for a functional capacity evaluation. Ms. Chapman found that Mr. Dillon was capable of performing work at the sedentary physical demand level. Paul E. Forberg, M.D., performed an independent medical evaluation and found that Mr. Dillon was not able to return to work. Drema Bess, M.A., performed a vocational rehabilitation assessment based on Ms. Chapman's evaluation and found that Mr. Dillon's work history suggested that he had transferable skills which would permit him to obtain alternative employment at several entry level positions. Ms. Bess also found that he had the ability to learn new skills and supervise workers. Dora L. Hughes, M.S., also performed a functional capacity evaluation and determined that Mr. Dillon could work at the sedentary physical demand level. Ms. Hughes found that Mr. Dillon had some limitations in his ability to sit for an extended period of time but that he was capable of sitting for one to three hours and of standing for less than one to three hours. Lisa Hammers, M.S., then performed a vocational rehabilitation assessment and found that Mr. Dillon had transferable skills, especially from his self-employment as a contractor, including customer service and record keeping. Ms. Hammers identified several jobs that Mr. Dillon was capable of performing within seventy-five miles of his residence, including a customer service representative position. On January 14, 2011, the claims administrator denied Mr. Dillon's application for permanent total disability benefits. Following this denial, Errol Sadlon performed a vocational rehabilitation assessment and determined that Mr. Dillon was not capable of working as a customer service representative because he was not able to sit for long periods of time. Mr. Sadlon also indicated that the jobs Ms. Hammers identified were further than seventy-five miles from Mr. Dillon's residence. Mr. Sadlon further stated that Mr. Dillon was not capable of gainful employment because of his age. Ms. Hammers then issued an addendum vocational rehabilitation assessment indicating that Mr. Dillon's age would not prevent him from working at the sedentary physical demand level. On September 17, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 2, 2013, leading Mr. Dillon to appeal.

The Office of Judges concluded that Mr. Dillon retained the requisite physical ability to perform work at the sedentary demand level and occupational opportunities within that demand level exist within seventy-five miles of his residence. The Office of Judges determined, based on the functional capacity evaluations of Ms. Chapman and Ms. Hughes, that Mr. Dillon could work at the sedentary physical demand level with limitations regarding his ability to sit and stand. The Office of Judges also determined that Ms. Hammers's vocational rehabilitation assessment showed that Mr. Dillon could work at the sedentary physical demand level because he could sit most of the time during the day and stand on occasion. It also determined that Ms. Hammers's assessment was reliable because it was consistent with authoritative sources on what constitutes sedentary activities. The Office of Judges further determined, based on Ms. Hammers's assessment, that there were jobs within seventy-five miles from Mr. Dillon's residence. The Office of Judges considered Mr. Sadlon's vocational rehabilitation assessment, but it found Mr. Sadlon placed too much weight on Mr. Dillon's age. It found that Mr. Sadlon did not sufficiently

support his assertion that the jobs identified by Ms. Hammers were outside his geographic area. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record demonstrates that Mr. Dillon is not permanently and totally disabled rendering him unable to engage in substantial gainful employment. Ms. Hughes's functional capacity evaluation is sufficient to establish that Mr. Dillon is capable of performing work at the sedentary physical demand level with some restrictions on his ability to sit and walk for extended periods of time. The independent medical evaluations of Dr. Forberg and the vocational assessment of Mr. Sadlon are not sufficiently persuasive to undermine the credibility of Ms. Hughes's report. The Office of Judges was justified in relying on her opinion. Ms. Hammers's vocational rehabilitation assessment, furthermore, identified several employment opportunities which Mr. Dillon is capable of performing within a driving distance of seventy-five miles from his residence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3